Pamela D. Weiss, Esq.
Ashley C. Brown, Esq.
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 793-2200
Facsimile: (907) 793-2299
E-mail: pweiss@guessrudd.com
E-mail abrown@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| CAUTRESE ALEXANDER, SHAIRA SHAH,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL PENINSULA GENERAL HOSPITAL, INC. dba CENTRAL PENINSULA HOSPITAL,<br><br>Defendant. | ) | Case No. 3:26-cv-00278-SLG |

## ANSWER

Defendant Central Peninsula General Hospital, Inc. dba Central Peninsula Hospital ("CPGH"), by and through its attorneys, Guess & Rudd P.C., hereby answer plaintiffs Cautrese Alexander and Shaira Shah ("Plaintiffs") Complaint paragraph by paragraph as follows:

## I. JURISDICTION AND VENUE

1. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

2. In response to the allegation contained in paragraph 2, CPGH admits Central Peninsula Hospital is owned by CPGH and that there is a valid business license with the State of Alaska.

3. The allegation in paragraph 3 states a legal conclusion as opposed to a factual assertion and therefore no response is required. To the extent a response is required, CPGH admits that the venue is proper in the District of Alaska.

4. In response to paragraph 4, parts a. and b. CPGH admits that Plaintiffs filed charges of discrimination with the EEOC but lacks information sufficient to form a belief as to the timeliness of such filings.

5. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations regarding communications between the EEOC and Plaintiffs.

6. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations regarding communications between the EEOC and Plaintiffs.

7. In response to the allegations contained in paragraph 7, CPGH acknowledges that Plaintiffs have received Notices of Right to Sue from EEOC after the filing of this Complaint. However, CPGH denies that Plaintiffs have supplemented or amended the Complaint.

## II. FACTUAL BACKGROUND

1. In response to the allegation contained in paragraph II.1, CPGH admits that it is a full-service hospital located in Soldotna, Alaska that provides emergency, inpatient and outpatient care.

2. In response to the allegations contained in paragraph II.2., CPGH admits only that FocusOne Solutions assigned plaintiff Shaira Shah to work in the Behavioral Health Unit at CPGH on a temporary basis. That assignment began in September 2024 and was extended through June 13, 2026.

3. CPGH lacks information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph II.3.

4. The allegation stated in paragraph II.4. states a legal conclusion as opposed to factual allegations and therefore no response is required.

5. The allegation stated in paragraph II.5 states a legal conclusion and therefore no response is required. To the extent a response is required, CPGH admits that Ms. Shah was assigned to work as a crisis clinician, which reported to the Director, and in that capacity was required to conform to the policies and protocols of Central Peninsula Hospital.

6. In response to paragraph II.6, CPGH admits that Ms. Shah was assigned to work as a crisis clinician, which reported to the Director, and in that capacity was required to conform to the policies and protocols of Central Peninsula Hospital.

7. The allegation stated in paragraph II.7 states a legal conclusion and therefore no response is required. To the extent a response is required, CPGH admits that her supervisor reassigned her, that her supervisors and/or HR issued a Performance Improvement Plan and investigated complaints that she made.

8. CPGH lacks information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph II.8.

9. CPGH lacks information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph II.9.

10. CPGH lacks information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph II.10.

11. In response to the allegations contained in paragraph II.11, CPGH admits that it selected Ms. Alexander for a full-time position and notified her of this decision while she resided in Florida.

12. In response to the allegations contained in paragraph II.12, CPGH admits that Ms. Alexander relocated to Alaska, but lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations.

13. CPGH admits that Ms. Alexander's start date was October 7, 2025.

14. CPGH admits that Ms. Alexander was offered a Critical Position bonus but denies that the allegations contained in paragraph II.14 accurately describe the terms or amounts.

15. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.15.

16. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.16.

17. CPGH admits that Ms. Shah and Ms. Alexander self-identified as "Black/Mixed" and/or "Black or African American".

18. Denied.

19. In response to the allegation contained in paragraph II.19, CPGH admits only a Crisis Clinician performs duties and functions as set forth in the Position Description.

20. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.20 and therefore denies the same.

21. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.21 and therefore denies the same.

22. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.22 and therefore denies the same.

23. Denied.

24. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.24 and therefore denies the same.

25. Admitted.

26. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.26 and therefore denies the same.

27. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.27 and therefore denies the same.

28. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.28 and therefore denies the same.

29. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.29 and therefore denies the same.

30. In response to the allegations contained in paragraph II.30, CGPH admits that she was selected for the position after applying.

31. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.31 and therefore denies the same.

32. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.32 and therefore denies the same.

33. Denied.

34. CPGH lacks information sufficient to form a belief as to the truth or falsity of statements that Ms. Shah may have made and therefore denies the same.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. CPGH lacks information sufficient to form a belief as to the truth or falsity of statements that Ms. Shah may have made and therefore denies the same.

40. Denied.

41. Denied.

42. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph II.42.

43. CPGH lacks information sufficient to form a belief as to the truth or falsity of statements regarding Ms. Shah's health. CPGH denies any other allegations contained in paragraph II.43.

44. CPGH admits that Ms. Delgado and Ms. Alexander spoke about her job duties on or about January 12, 2026. CPGH denies the remaining allegations contained in paragraph II.44.

45. CPGH admits that Ms. Alexander went to HR on January 13, 2026, stating that she felt she is being asked to work in a different position.

46. CPGH lacks information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph II.46 and therefore denies the same.

47. Denied as to characterization contained in paragraph II.47.

48. Denied.

49. Denied.

50. Denied.

51. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.51 and therefore denies the same.

52. Denied.

53. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.53 and therefore denies the same.

54. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning individual's subjective beliefs and therefore denies the same.

55. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning individual's subjective beliefs and therefore denies the same.

56. To the extent the allegation contains legal conclusions, no response is needed. If a response is needed, denied.

57. Denied.

58. In response to the allegations contained in paragraph II.58, CPGH admits that Ms. Shah sent an email on January 16, 2026, purporting to summarize a discussion from the day before. CPGH denies the characterization of that email.

59. Admitted.

60. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.60 and therefore denies the same.

61. CPGH admits that Ms. Shah was provided with a Performance Improvement Plan (PIP) commencing January 20, 2026, the content of which speaks for itself.

62. CPGH admits that the PIP contained numerous "checkpoints" and a timeline, one of which referenced e-mail etiquette. CPGH denies the allegation as written in paragraph II.62 as incomplete and inaccurate.

63. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations of Ms. Shah's subjective actions.

64. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.64 and therefore denies the same.

65. The allegations are vague and ambiguous and misstate the basis for the PIP to Ms. Shah. To the extent an answer is required, CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.65 and therefore denies the same.

66. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.66 and therefore denies the same.

67. CPGH denies that the PIP contains discussion consistent with the allegations contained in paragraph II.67.

68. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.68 and therefore denies the same.

69. CPGH admits that Ms. Alexander was believed to have "missed" a group that she was to facilitate. CPGH lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph II.69 and therefore denies the same.

70. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.70 and therefore denies the same.

71. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.71 and therefore denies the same.

72. CPGH admits that Ms. Yeoeman emailed Ms. Alexander but denies that the allegations concerning the content of that email are accurate or complete.

73. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.73 and therefore denies the same.

74. The statement contained in paragraph II.74 is not an allegation for which a response is required. If a response is required, CPGH lacks information sufficient to form a belief as to the subjective belief of Ms. Alexander.

75. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.75 as it is not known what communication this refers to and, therefore, CPGH denies the same.

76. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.76 and therefore denies the same.

77. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.77 and therefore denies the same.

78. CPGH admits that both Ms. Alexander and Ms. Shah submitted communications to HR regarding various concerns, including allegations of discrimination. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph II.78 without an indication of which communication is being referenced.

79. Denied.

80. Denied.

81. CPGH admits that on January 26, 2026, Ms. Shah submitted a 14-page letter to HR stating that it was a response to the PIP. CPGH further admits that on page 13, she alleges she has experienced stress for which she has sought medical treatment. CPGH denies any other characterization of the allegations that may be contained in paragraph II.81.

82. CPGH admits that in that January 26, 2026, letter Ms. Shah alleges that she is being treated in a discriminatory manner. However, CPGH denies the allegations as set forth in paragraph II.82.

83. CPGH admits that it reviewed the document. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph without further information provided.

84. Denied.

85. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph II.85 and therefore denies the same.

86. CPGH admits only that Ms. Shah has alleged she received texts from Ms. Yeoman shortly after she left the workplace on January 29, 2026, inquiring about her schedule. CPGH lacks information sufficient to form a belief as to the accuracy of the representation of the content of those texts and therefore denies the same.

87. CPGH lacks information sufficient to form a belief as to the allegations contained in paragraph II. 87 and therefore denies the same.

88. CPGH admits that on January 30, 2026, Ms. Shah emailed Ms. Yeoman regarding the alleged text messages. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations that she communicated with Ms. Delgado and HR on that day and therefore denies the same.

89. CPGH admits only that Ms. Shah told Ms. Yeoman that the text messages were "another instance of hostile work environment causing me to feel targeted and causing me immense physical and emotional distress" but denies any other allegations contained in paragraph II.89.

90. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations regarding Ms. Alexander's health condition and therefore denies the same.

91. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations regarding Ms. Alexander's medical treatment therefore denies the same.

92. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations regarding Ms. Alexander's medical treatment and therefore denies the same.

93. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations regarding Ms. Alexander's medical treatment and therefore denies the same.

94. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations regarding Ms. Alexander's medical conditions and treatment and therefore denies the same.

95. CPGH admits that on February 3, 2026, Ms. Delgado sent an email to the "PES Team" but denies the characterization of that email alleged in paragraph II.95 insofar as it is inconsistent with the content of the email. The email speaks for itself.

96. Denied.

97. Denied.

98. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.98 and therefore denies the same.

99. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.99 and therefore denies the same.

100. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.100 and therefore denies the same.

101. CPGH lacks information sufficient to form a belief as to the truth or falsity of allegations contained in paragraph II.101 and therefore denies the same.

102. CPGH denies that Ms. Shah worked fourteen-hour shifts from February 1 through February 8.

103. In response to the allegations contained in paragraph II.103, CPGH admits that Ms. Delgado's email on February 3, 2026, indicated that the schedule and duty changes would commence on February 5, 2026, but lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph II.103.

104. In response to the allegations contained in paragraph II.104. CPGH denies that Ms. Delgado removed Ms. Alexander from her role as a Crisis Clinician. CPGH lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph II.104 and therefore denies the same.

105. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.105 and therefore denies the same.

106. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.106 and therefore denies the same.

107. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.107 and therefore denies the same.

108. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.108 and therefore denies the same.

109. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.109 and therefore denies the same.

110. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.110 concerning Ms. Shah's subjective intentions and therefore denies the same.

111. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.111 and therefore denies the same.

112. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.112 and therefore denies the same.

113. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.113 and therefore denies the same.

114. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.114 and therefore denies the same.

115. In response to the allegation contained in paragraph II.115, CPGH admits that Ms. Shah provided a doctor's note indicating she was unable to work during this time. However, CPGH lacks information sufficient to form a belief as to the truth or falsity of any other allegations regarding Ms. Shah's private medical condition or treatment and therefore denies the same.

116. CPGH admits that Ms. Shah told HR that she had sought medical attention in a letter dated February 8, 2026. CPGH lacks information sufficient to form a belief as

to the truth or falsity of the allegations contained in paragraph II.116 and therefore denies the same.

117. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.117 and therefore denies the same.

118. CPGH admits that on February 9, 2026, Ms. Shah sent a letter dated February 8, 2026, to HR that addressed an event that allegedly took place on February 6, 2026. The content of that letter speaks for itself. CPGH lacks information sufficient to form a belief as to the truth or falsity of any further allegations contained in paragraph II.118 and therefore denies the same.

119. CPGH denies that as of February 9, 2026, it had yet interviewed Ms. Haney and Ms. Andrews for its investigation. CPGH does admit that it conducted interviews with Ms. Haney and Ms. Andrews after that date.

120. CPGH admits that Ms. Shah submitted further communication dated February 17, 2026, which was described at containing "additional incidents". The content of the letter speaks for itself.

121. CPGH admits that Ms. Shah made allegations regarding what was said by Ms. Yeoman and/or Ms. Delgado said in the letter referenced in paragraph II.120 but denies the remaining allegations contained in paragraph II.121 and II.121.a

122. CPGH admits that Ms. Shah made allegations regarding what was said by Ms. Yeoman and/or Ms. Delgado in the letter referenced in paragraph II.120, but denies the remaining allegations contained in paragraph II.122

123. Denied.

124. CPGH admits that Ms. Delgado advised all staff that the work hours for the intake office are 9am-5:30 but denies any other allegations that may be contained in paragraph II.124.

125. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.125 and therefore denies the same.

126. Denied.

127. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.127 regarding their subjective intentions or conduct and therefore denies the same.

128. Denied.

129. CPGH admits that Ms. Shah made allegations in her February 17, 2026, letter concerning what "people" in the ED told her. However, CPGH lacks information sufficient to form a belief as to the truth or falsity of any other statements contained in paragraph II.129 and therefore denies the same.

130. Denied.

131. CPGH denies that any individual has advised HR of "racist behavior" of Ms. Delgado and/or Ms. Yeoman.

132. CPGH admits only that Ms. Shah asserted in her February 17, 2026, letter that "one person has stated their willingness to share their observations of Ms. Delgado's and Ms. Yeoman's behaviors." CPGH denies any other allegations that may be

contained in paragraph II.132. CPGH lacks information sufficient to form a belief as to whether it has spoken with the unidentified individual referenced in the February 17, 2026, letter.

133. CPGH admits that HR met with Ms. Shah in connection with its investigation of the complaints from Ms. Shah and Ms. Alexander.

134. Denied.

135. Denied.

136. CPGH admits that on February 27, 2026, Ms. Delgado informed Ms. Alexander she could return to PES. CPGH denies any other allegations that may be contained in paragraph II.136.

137. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph II.137 concerning discussions in that meeting and therefore denies the same.

138. CPGH lacks information as to the exact statements made in that meeting, but denies the allegations contained in paragraph II.138.

139. CPGH lacks information sufficient to form a belief as to statements Ms. Alexander may have made in that meeting as alleged and therefore denies the allegations contained in paragraph II.139.

140. CPGH lacks information sufficient to form a belief as to the line-by-line discussion during that meeting and therefore denies the allegation contained in paragraph II.140.

141. Denied.

142. Denied.

143. CPGH admits that it did not place Ms. Yeoman or Ms. Delgado on administrative leave as a result of the investigation.

144. Denied.

145. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph II.145 and therefore denies the same.

146. Denied.

147. Denied in light of response to paragraph II.146.

148. CPGH lacks information to form a belief as to the truth or falsity of the allegation contained in paragraph II.148 and therefore denies the same.

149. CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegations of Plaintiffs' subjective beliefs contained in paragraph II.149 and therefore denies the same.

150. CPGH admits that on March 2, 2026, Ms. Shah informed HR that she had requested her agency give Medical Solutions and CPH formal notice that she was terminating her contract. CPGH denies all other allegations that are contained in paragraph II.150.

151. Denied.

152. CPGH lacks information sufficient to form a belief as to the truth or falsity of any verbal discussions between Ms. Delgado and Ms. Andrews as alleged in paragraph II.152 and therefore denies the same.

153. CPGH lacks information sufficient to form a belief as to the truth or falsity of any verbal discussions between Ms. Delgado and Ms. Andrews as alleged in paragraph II.153 and therefore denies the same.

154. CPGH lacks information sufficient to form a belief as to the truth or falsity of any verbal discussions between Ms. Delgado and Ms. Andrews as alleged in paragraph II.154 and therefore denies the same.

155. In response to paragraph II.155 CPGH admits that it did terminate her contract before she provided notice.

156. CPGH admits that Ms. Alexander tendered her resignation on the same day as Ms. Shah, but CPGH denies the remaining allegations contained in paragraph II.156.

157. CPGH lacks information concerning Ms. Alexander and Ms. Shah's health but deny that its actions are the cause of any alleged long-lasting health issues.

158. CPGH lacks information sufficient to form a belief as to the truth or falsity of Ms. Shah's allegations concerning her mental health and medical health and treatment as alleged in paragraph II.158 and therefore denies the same. CPGH denies that Ms. Shah sustained severe emotional distress caused by CPGH.

159. CPGH lacks information concerning the truth or falsity of the allegations contained in paragraph II.159 and therefore denies the same.

160. CPGH lacks information sufficient to form a belief as to the truth or falsity of Ms. Alexander's allegations concerning her mental health and medical health and treatment as alleged in paragraph II.160 and therefore denies the same. CPGH denies that Ms. Alexander sustained severe emotional distress caused by CPGH.

161. CPGH lacks information sufficient to form a belief as to the truth or falsity of Ms. Alexander's allegations concerning the situation with her cats as alleged in paragraph II.161.a and b. and therefore denies the same. CPGH denies the allegations concerning any damages sustained by Ms. Alexander as a result of obtaining employment.

162. CPGH incorporates and restates its response to paragraph 4.

163. On information and belief, admitted.

164. On information and belief, admitted.

165. CPGH lacks information sufficient to form a belief as to the timing and content of communications from EEOC to Plaintiffs as alleged in paragraph II.165.

166. CPGH lacks information sufficient to form a belief as to the timing and content of communications from EEOC to Plaintiffs as alleged in paragraph II.166.

167. The allegation contained in paragraph II.167 states a legal conclusion as opposed to a factual allegation and therefore no response is required. To the extent a response is required, CPGH denies that Plaintiffs obtained a Notice of Right to Sue prior to instituting this lawsuit.

## III. <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

### Race Discrimination

168. CPGH restates and incorporates it responses to paragraphs 1-7 and II.1-II.167 as if stated herein.

169. CPGH restates and incorporates its response to paragraph II.17.

170. The allegation contained in paragraph III.170 states a legal conclusion, to which no response is required. To the extent an answer is required, CPGH admits that it meets the definition of an employer under Title VII.

171. The allegation contained in paragraph III.171 states a legal conclusion, to which no response is required.

172. The allegation contained in paragraph III.172 states a legal conclusion, to which no response is required. To the extent a response is required, CPGH admits that it hired Ms. Alexander and paid her wages. By contrast, FocusOne Solutions presented Ms. Shah to fill a temporary position at CPH, which CPGH accepted. FocusOne paid Ms. Shah's wages, but Ms. Shah provided services at CPH.

173. The allegation contained in paragraph III.173 states a legal conclusion, to which no response is required. To the extent a response is required, CPGH admits that both Ms. Alexander and Ms. Shah worked within the Behavioral Health Department as a part of a team and were required to conform to the policies and protocols of CPH.

174. Denied.

175. CPGH admits that all the listed individuals are employees of CPGH. However, CPGH denies that each of the individuals works in all the listed capacities.

176. Denied.

177. CPGH admits that Plaintiffs were qualified for the positions assigned, but CPGH at this time lacks information sufficient to form a belief as to the truth or falsity of the allegations that all work was performed competently as CPGH has not undertaken a comprehensive audit of the work performed and therefore denies the same.

178. Denied.

179. Denied.

180. CPGH admits that Ms. Shah was issued a Performance Improvement Plan but denies the remaining allegations and further denies that any actions were discriminatory.

181. CPGH admits that Ms. Alexander was temporarily moved from PES during a comprehensive restructuring, but denies the remaining allegations contained in paragraph III.181. CPGH further denies that any actions taken were discriminatory.

182. CPGH admits that Ms. Shah and Ms. Alexander alleged that they were subjected to racial discrimination but denies that, despite investigation, it was able to substantiate that any racial discrimination occurred.

183. CPGH admits that it did not terminate Ms. Yeoman or Ms. Delgado as a result of the investigation of the complaints, but denies all remaining allegations contained in paragraph III.183.

184. Denied.

185. Denied.

186. Denied.

187. The statement in paragraph III.187 does not require a response. To the extent a response is required, CPGH acknowledges that after the filing of this Complaint, Plaintiffs received Notices of Right to Sue from EEOC.

188. Denied.

189. Denied.

**SECOND CAUSE OF ACTION**

**Retaliation**

190. CPGH hereby incorporates all previous responses as if stated herein.

191. The allegations contained in paragraph III.191 state a legal conclusion and therefore do not require a response. To the extent a response is required, CPGH admits that an employee who makes a complaint to HR regarding an unlawful practice has engaged in protected activity.

192. Whether or not an action constitutes protected activity is a legal question and thus the allegation in paragraph III.192 does not require a response. To the extent that a response is required, CPGH admits that it had knowledge that Plaintiffs had submitted letters to HR.

193. The allegation contained in paragraph III.193 states a legal conclusion, to which no response is required. To the extent an answer is required, CPGH admits that it meets the definition of an employer under Title VII.

194. The allegation contained in paragraph III.194 states a legal conclusion, to which no response is required.

195. CPGH restates the response to Paragraph III.172.

196. CPGH restates the response to paragraph III.173.

197. CPGH restates the response to paragraph III.175.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. The allegation contained in paragraph III.207 states a legal conclusion and therefore no response is required. To the extent a response is required, denied.

208. CPGH restates the response to paragraph III.187.

209. Denied.

## THIRD CAUSE OF ACTION

### Hostile Work Environment

210. CPGH hereby incorporates all previous responses as if stated herein.

211. The allegation contained in paragraph III.211 states a legal conclusion and thus no response is required. To the extent a response is required, denied.

212. Denied.

213. The allegation contained in paragraph III.213 states a legal conclusion, to which no response is required. To the extent an answer is required, CPGH admits that it meets the definition of an employer under Title VII.

214. The allegation contained in paragraph III.214 states a legal conclusion, to which no response is required.

215. CPGH restates the response to paragraph III.172.

216. CPGH restates the response to paragraph III.173.

217. CPGH restates the response to paragraph III.175.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. CPGH restates the response to paragraph III.187.

228. The allegation contained in paragraph III.228 states a legal conclusion and therefore no response is required. To the extent a response is required, denied.

229. Denied

**FOURTH CAUSE OF ACTION**

**Constructive Discharge**

230. CPGH hereby incorporates all previous responses as if stated herein.

231. CPGH restates the response to paragraph III.175.

232. Denied.

233. Denied.

234. CPGH admits that Plaintiffs did make complaints to HR, the content of which is contained in their letters. CPGH denies any other allegations that may be contained in paragraph III.234.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

## FIFTH CAUSE OF ACTION

### Breach of Contract

243. CPGH hereby incorporates all previous responses as if stated herein.

244. The allegation contained in paragraph III.244 states a legal conclusion and therefore no response is required. To the extent a response is required, CPGH admits that Ms. Shah had a contract with an agency, but denies that she had a contract with CPGH. CPGH admits that her placement at CPH on a temporary basis began in September 2024, and continued through June 13, 2026, after extensions.

245. In response to the allegations contained in paragraph III.245, CPGH denies that Ms. Shah's placement was extended beyond June 13, 2026. CPGH lacks information concerning who her "agents" were and what they may have "approved."

246. The allegations contained in paragraph III.246 state legal conclusion and therefore no response is required. To the extent a response is required, CPGH lacks information sufficient to form a belief as to the terms of her contract with FocusOne and her compliance with those terms and therefore denies the same.

247. In response to the allegations contained in paragraph III.247, CPGH admits that Ms. Shah was placed at CPH through an agency, FocusOne Solutions. With regard to the additional allegations, see response to paragraph 5.

248. CPGH restates the response to paragraph III.175.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

## SIXTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing in Employment

254. CPGH hereby incorporates all previous responses as if stated herein.

255. The allegation contained in paragraph III.255 states a legal conclusion and therefore no response is required. To the extent a response is required, CPGH admits only that it has a contract of employment with Ms. Alexander.

256. The allegation contained in paragraph III.256 purports to state a legal principle, and no response is therefore required. To the extent a response is required, CPGH denies this is a complete statement of the relevant legal principle.

257. The allegation contained in paragraph III.257 purports to state a legal principle, and no response is therefore required. To the extent a response is required, CPGH denies this is a complete statement of the relevant legal principles.

258. The allegation contained in paragraph III.258 purports to state a legal principle, and no response is therefore required. To the extent a response is required,

CPGH denies there exists a duty as stated or that the statement of such duty is accurate of complete.

259. The allegation contained in paragraph III.259 purports to state a legal principle, and no response is therefore required. To the extent a response is required, CPGH denies this is a complete statement of the relevant legal principles.

260. Denied.

261. Denied.

262. Denied.

263. CPGH restates the response to paragraph III.175.

264. Denied

265. Denied

266. Denied

267. Denied.

268. Denied.

269. Denied

270. Denied.

271. Denied,

**SEVENTH CAUSE OF ACTION**

**Promissory Estoppel**

272. CPGH hereby incorporates all previous responses as if stated herein.

273. In response to the allegations contained in paragraph III.273, CPGH admits that Ms. Alexander was hired as a Crisis Clinician. CPGH denies the remaining allegations as stated in paragraph III.273.

274. CPGH admits that Ms. Alexander was offered a Critical Position bonus but denies that the allegations contained in paragraph III.274 accurately describe the terms or amount of that bonus.

275. The allegation contained in paragraph III.275 states a legal conclusion and therefore no response is required. To the extent a response is required, CPGH lacks information sufficient to form a belief as to the truth or falsity of the allegation that unspecified promises were made and therefore denies the allegations contained in paragraph III.275.

276. In response to the allegations contained in paragraph III.276, CPGH admits that Ms. Alexander accepted the position as a Crisis Clinician and relocated to Alaska. CPGH denies that any promises were made other than as explicitly stated in the employment documents.

277. The allegation contained in paragraph III.277 states a legal conclusion and therefore no response is required. To the extent that a response is required, CPGH denies that any promises were made other than as explicitly stated in the employment documents.

278. CPGH restates the response to paragraph II.175.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

## EIGHTH CAUSE OF ACTION

### Negligent Supervision and Retention

284. CPGH hereby incorporates all previous responses as if stated herein.

285. CPGH admits that it employed Ms. Delgado and Ms. Yeoman. CPGH denies the remaining allegations as stated.

286. CPGH restates the response to paragraph III.175.

287. The allegation in paragraph III.287 purports to state a legal principle as opposed to a factual allegation and therefore no response is required. To the extent a response is required, CPGH admits that employers have certain duties, but denies that the allegations are an accurate and/or complete statement of the employer's duties.

288. Denied.

289. CPGH admits that Plaintiffs submitted information to HR, as a result of which CPGH investigated. CPGH denies the allegation in paragraph III.289 insofar as it states an allegation that was not substantiated.

290. CPGH admits that Ms. Delgado and Ms. Yeoman remained employed by CPGH following the investigation. CPGH denies any remaining allegations contained in paragraph III.290.

291. Denied.

292. Denied.

293. Denied.

294. Denied.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

295. CPGH hereby incorporates all previous responses as if stated herein.

296. CPGH restates the response to paragraph III.175.

297. Denied.

298. Denied.

299. Denied.

300. Denied.

301. Denied.

302. Denied.

303. Denied.

304. Denied.

305. Denied.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress
### Plead in the Alternative of Intentional Infliction of Emotional Distress

306. CPGH hereby incorporates all previous responses as if stated herein.

307. CPGH restates its response to paragraph III.175

308. Denied.

309. The allegation in paragraph III.309 purports to state a legal principle as opposed to a factual allegation and therefore no response is required. To the extent a response is required, CPGH admits that employers have certain duties, but denies that the allegations are an accurate and/or complete statement of an employer's duties.

310. Denied.

311. Denied.

312. Denied.

313. Denied.

314. Denied.

315. The statement in paragraph III.315 does not contain a factual allegation and does not require a response. To the extent a response is required CPGH denies that either theory states a claim upon which relief can be granted.

316. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state one or more claims upon which relief may be granted as against answering defendant.

2. Plaintiffs failed to avail themselves of all processes available to them prior to instituting this litigation including but not limited to administrative remedies.

3. Ms. Shah and CPGH do not have a contract for employment.

4. CPGH maintained clear anti-discrimination and anti-harassment policies and thus exercised reasonable care to prevent and correct promptly any inappropriate conduct.

5. CPGH followed its policies and procedures and took all reasonable and appropriate efforts to investigate the complaints of Plaintiffs.

6. Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by CPGH.

7. CPGH at all times had legitimate, non-discriminatory reasons for its actions.

8. CPGH actions did not culminate in a tangible employment action.

9. Plaintiffs voluntarily left their positions.

10. CPGH did not take any action that constituted constructive discharge.

11. Plaintiffs are not entitled to recover any damages that they have failed to mitigate.

12. Plaintiffs breached their duties regarding the dispute by acting with unclean hands.

13. CPGH reserves the right supplement or amend these affirmative defenses.

**PRAYER FOR RELIEF**

Accordingly, WHEREFORE, having stated its answers and Affirmative Defenses to Plaintiffs' Complaint, CPGH prays for the following relief:

A. That Plaintiffs' Complaint be dismissed with prejudice;

B. That, in the event Plaintiffs obtain a judgment, Plaintiffs recover only the percentage of Plaintiffs' damages corresponding to CPGH's percentage of fault proven at trial;

C. That CPGH be awarded its reasonable costs and attorney's fees incurred in the defense of this action; and

D. That CPGH be awarded such other and additional relief as the court deems just and proper.

DATED at Anchorage, Alaska, this 9th day of September, 2026.

GUESS & RUDD P.C.
Attorneys for Defendant

By: s/Pamela D. Weiss
Pamela D. Weiss
Alaska Bar No. 0305022
Ashley C. Brown
Alaska Bar No. 1105022

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2026, a copy of the foregoing document was served electronically on:

Christina McDonogh
christina@yuraqlegal.com

Guess & Rudd P.C.

By: s/Pamela D. Weiss
\\gr1\sys\DATA\7072\2\Pleadings\09 Answer (FINAL).doc